IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD LORCH** <br> **AND KAREN LORCH,** | : <br> : <br> : | |
| Plaintiffs, | : <br> : | Civil Action |
| v. | : <br> : | No. 24-00070 |
| **STEVEN I. GROSS** <br> **AND GENEVIEVE GROSS**, | : <br> : <br> : <br> : | |
| Defendants | : | |

**MEMORANDUM**

J. Younge                                                                                       September 13th, 2024

## I.   INTRODUCTION

Currently before this Court is Plaintiff's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (ECF No. 30.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, said Motion is Denied.

## II.   FACTUAL BACKGROUND

In December 1984, Ronald Lorch, Steven Gross and two other individuals established Cloverly Investors II (the "Partnership"). (Am. Compl. ¶ 12). This Pennsylvania partnership focuses on acquiring, owning, developing, holding, leasing, managing, operating, and otherwise dealing with an Office Building (hereinafter, "the Building"). *Id*. (See Partnership Agreement Exhibit A.). The Building is located in Jenkintown, Pennsylvania, and leases space to commercial tenants. (Am. Compl. ¶ 13). Steven Gross subsequently acquired the Partnership

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

interest of the other two individuals who formed the Partnership with him and Ronald Lorch. (Am. Compl. ¶ 14). Both shared their partnership interest with their respective spouses, resulting in each couple owning a 50% interest in the Partnership. *Id*. (See Amended Partnership Agreement Exhibit B.) Ronald and Karen Lorch previously lived in Montgomery Township, Pennsylvania before moving to Florida ten years ago. (Am. Compl. ¶ 7, ECF. No. 11). Steven and Genevieve Gross currently reside in Pennsylvania. (Am. Compl. ¶ 8). Genevieve Gross is not alleged to have engaged in any wrongful conduct, but she is joined as a defendant because of her interest in the Partnership. *Id*.  For 30 years, Ronald Lorch managed the Office Building for the Partnership while Steven Gross managed the leasing of the Building but in 2013 Steven Gross assumed management responsibilities for the Building as well after Ronald and Karen Lorch relocated to Florida. (Am. Compl. ¶ 18-19.).

In the Answer and Counterclaim (hereinafter "Counterclaim"), Mr. Gross alleges that Mr. Lorch knew and approved of the Building renovations needed in order to bring in tenants, costing about $71,000. (Counterclaim, at ¶¶ 15, 17.) Mr. Gross requested Mr. Lorch to contribute to pay for these expenses but was refused. Accordingly, Mr. Gross claims that he was forced to obtain financing on his own, in the form a of a loan from another one of the businesses that he owned. (*Id*. at 19). Mr. Gross further alleges that in 2023, Mr. Lorch was informed that the failure to contribute any funds for the necessary operation of the Building would result in a termination of disbursements. He claims that Mr. Lorch then filed this lawsuit with the goal of seeking dissolution.

Mr. Gross states two claims in his Counterclaim: breach of contract and breach of fiduciary duty. Specifically, for the first claim, Mr. Gross asserts that Plaintiff breached Section 6.4 of the Partnership Agreement in that he "failed to use his best efforts and skills to the benefit

of the Partnership and to Gross." (*Id*. at ¶ 27). Defendant maintains that Mr. Lorch spent no time or effort in contributing to the operation or management of the Building, after moving away from the area. The necessary contributions funded improvements to the Building and included payment of property taxes for the Building. (*Id*. at ¶¶ 28 – 29.) In the breach of fiduciary duty claim, Mr. Gross asserts a violation of the Pennsylvania Uniform Partnership Act. Specifically, by "abandoning the Partnership both financially and through effort and skill…" Defendant claims that Mr. Lorch's actions were "willful, reckless, and grossly negligent, and as such, fell below the standard of care as required by the Uniform Partnership Act. (*Id*. at 33.)

### III.     LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

IV.   **DISCUSSION**

Defendant Mr. Gross has sufficiently plead Counts of Breach of Contract and Breach of Fiduciary Duty in their Answer to the Amended Complaint.

According to Pennsylvania law, to appropriately allege a claim for breach of contract, a plaintiff must prove: "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 635 Pa. 427, 445 (Pa. 2016). In the Counterclaim, Mr. Gross has alleged the existence of a contract by referring to the Partnership Agreement that was signed by both parties in 1984 and that is the subject of this lawsuit. (Counterclaim, at ¶ 6.) Mr. Gross avers that the Partnership Agreement was breached when Mr. Lorch failed to utilize his best efforts to benefit the Partnership by refusing to make the necessary monetary contributions of $71,000 (*Id.* at ¶¶ 17, 21- 23.) The Partnership Agreement requires that that any requested contributions be advanced to the Partnership. (Complaint, Exhibit Partnership Agreement, p.18, ECF No. 1.) Mr. Gross alleges that Mr. Lorch's refusal to contribute any funds, forced the Partnership to obtain the necessary financing. Mr. Gross claims damages resulted when a tax lien was placed on the building following that. (Counterclaim, at ¶ 30.)

For his second claim, Mr. Gross alleges a violation the Pennsylvania Uniform Partner Act, through a breach of the fiduciary duty of care towards the Partnership and the operation of the Building. "A plaintiff bringing a claim for breach of fiduciary duty must establish: (1) a fiduciary relationship existed, (2) the defendant 'negligently or intentionally failed to act in good faith and solely for [the plaintiff's] benefit,' and (3) the breach caused an injury to the plaintiff." *AVCO Corp. v. Turner*, 2022 U.S. App. LEXIS 20256, 2022 WL 2901015, at *2 (3d Cir. 2022). "In a Pennsylvania general or limited partnership, there is a fiduciary relationship between

partners. . . . copartners owe to one another . . . the duty of the finest loyalty." *Rahemtulla v. Hassam*, 539 F.Supp.2d 755, 778 (M.D. Pa. 2008). Mr. Gross has already established that a partnership existed between himself and Mr. Lorch, wherein they owed fiduciary duties to each other. (Counterclaim, at ¶ 6.) Specifically, the Defendant claims that Mr. Lorch violated the duty to "refrain from engaging in gross negligence, recklessness, willful misconduct or a knowing violation of law." *See* 15 Pa. Cons. Stat. § 8447(a-c). He further pleads that this duty was violated when Mr. Lorch refused to contribute the necessary funds for renovations. (*Id*. at ¶¶ 17, 21-23.) and that having to obtain financing for the renovations from a third party, resulted in a tax lien on the Building. As such, the lien negatively affected the Building's overall value, causing an injury to Mr. Gross. (*Id*. at ¶¶ 19-20). Defendant has adequately pled facts to substantiate the basis of the claims alleged in the Counterclaim.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**